UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24151-CV-ALTMAN/REID

CRISTINA DESAMOURS
*An individual*,

    Plaintiff,

v.

IMPACT AUTO DEPOT, INC.,
*a Florida Corporation*, and
AUTOMOTIVE CREDIT CORP., *a
Michigan Corporation*

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Cristina Desamours' Motion for Entry of Final Judgment after Default (the "Motion") [ECF No. 48] against Defendant Impact Auto Depot, Inc. ("Impact Auto") pursuant to Fed. R. Civ. P. 55(b). Plaintiff requests final judgment solely as to her claims for violation of the Federal Odometer Act, 49 U.S.C. § 32701, *et seq*. (the "Odometer Act") and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq*. (the "FDUTPA"), and has represented that she will not seek recovery on the remaining state law claims. *See* [ECF No 48 at 2]. This cause has been referred to the Undersigned for a Report and Recommendation. [ECF No. 49]. Upon consideration of the Motion, the pleadings, and for the reasons set forth below, Plaintiff's Motion should be granted.[1]

---

[1] Plaintiff also sued Automotive Credit Corp. but later voluntarily dismissed her claim against that Defendant. [ECF No. 32, 34].

## I. Background

In June 2021, Plaintiff bought a 2017 Hyundai Sonata (the "Vehicle") from Impact Auto, a used car dealership. *See* Compl. ¶¶ 13-32. According to Plaintiff, Impact Auto represented that the Vehicle was in excellent condition, had no mechanical defects, and had under 70,000 miles. *Id*. at ¶ 15. When Ms. Desamours stated that she intended to use it as transportation for herself and her toddler, Impact Auto represented that the Vehicle would be fit for use as a family car. *Id*. at ¶ 17. Impact Auto gave Plaintiff a "Bill of Sale," which indicated that the car had 67,851 miles. *Id*. at ¶¶19-20. Before signing the Bill of Sale, Ms. Desamours requested reassurances that the Vehicle was in good condition. *Id*. at ¶ 23-24. Impact Auto ensured her that the Vehicle was a "'one owner car,'" and again claimed that the Vehicle was in excellent condition. *Id*. at ¶ 25. Ms. Desamours then signed the Bill of Sale and paid a $2,800.00 down payment. *Id*. at ¶ 25[2].

A few days later, the Vehicle began to smoke and suddenly stalled on the highway, "endangering Ms. Desamours and her young child." *Id*. at ¶ 34. Ms. Desamours noticed that the wheels were "askew in a manner that could not be normal." *Id*. at ¶ 35. She took the Vehicle for inspection, repair, and service at a Hyundai franchise dealership where she learned the following facts through a CarFax report: (1) "the Vehicle had been in a collision with damages on September 4, 2018"; (2) "the Vehicle had at least three owners before its sale to Ms. Desamours"; (3) "the Vehicle was declared a 'total loss' by an insurance company because of flood damages on November 8, 2020"; (4) "the Vehicle had a salvaged title that [sic] a flood brand"; (5) "the Vehicle had a 'not actual mileage' brand"; and (6) "the mileage of the Vehicle was 96,907 on April 22, 2020.

---

[2] The Complaint has two Paragraphs numbered 25. This information is in the second Paragraph 25.

Impact Auto first appeared in this action through counsel and filed an Answer and Affirmative Defenses in response to the Complaint. *See* [ECF No. 17]. Counsel, however, later moved to withdraw as counsel of record, and this Court granted the motion. *See* [ECF Nos. 35, 38]. On April 1, 2022, the Court directed Impact Auto to "seek counsel immediately and notify the Court of that counsel within five days of the issuance of this order." [ECF No. 38]. Impact Auto failed to retain counsel or otherwise notify the Court.

Plaintiff moved for Entry of Default Judgment against Impact Auto. *See* [ECF Nos. 41, 43]. The Clerk entered Default on April 22, 2022. [ECF No. 45]. Plaintiff then filed the instant Motion for Default Judgment. [ECF No. 48].

## II. Applicable Law

Rule 55 of the Federal Rules of Civil Procedure outlines when a default judgment is appropriate, and states in relevant part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default does not itself warrant an entry of default judgment, and whether a court grants a motion for default judgment is solely within its discretion. *See Hue v. Samuel's Auto FL., LLC*, No. 21-60277-CIV, 2021 WL 5707539, at *1 (S.D. Fla. Dec. 1, 2021).

"After a default has been entered by the Clerk pursuant to Rule 55(a), the Court must review the sufficiency of the complaint before determining whether the moving party is entitled to a default judgment pursuant to Rule 55(b)." *Id*. at *2. When a defendant defaults it is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment, the facts alleged in the pleadings must

provide a sufficient basis for judgment. *Id.* (quoting *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citations omitted).

### III. Discussion

As noted, Plaintiff seeks default judgment solely as to her claims for violation of the Odometer Act under Count I and FDUTPA under Count II. *See* [ECF No. 48]. To support her claim for damages, she has an affidavit by Stuart Raskin, an I.A.A.A. Certified Automobile, Truck, and Specialty Vehicle Appraiser and member of South Florida Auto Appraisers, outlining the motor Vehicle history and the resultant monetary impacts for the Vehicle (the "Raskin Affidavit"). [ECF No. 48-2].

<u>Liability as to Claims for Violation of the Odometer Act</u>

The Odometer Act allows private citizens to recover money damages from those who violate its provisions with the intention to defraud. 49 U.S.C.A. § 32710(a) ("A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."). To bring a claim under the Odometer Act, a plaintiff must allege in her complaint "(1) that the defendant violated the Act or its regulations, (2) with intent to defraud." *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). The Odometer Act states as follows:

> [A] person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
> 
> > (A) Disclosure of the cumulative mileage registered on the odometer.

>> (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
>
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

…

49 U.S.C.A. § 32705.

Based on a plain reading of the statute—and taking Plaintiff's well-pleaded allegations as admitted by Defendant—Plaintiff has properly alleged a claim for violation of the Odometer Act. Indeed, Ms. Desamours alleges that the dealership told her the Vehicle's mileage was "under 70,000 miles" and gave her a Bill of Sale which stated the Vehicle had 67,851 miles, when, in fact, the Vehicle had at least 96,907 miles. *See Hue*, 2021 WL 5707539, at *3.

Additionally, as Impact Auto obtained the Vehicle under a Transfer Title that (1) had been issued to a salvage motor Vehicle dealer; and (2) outlined that the Vehicle had previously been declared a total loss and that the mileage was "not actual," it is reasonable to infer that Impact Auto knew or should have known that the odometer reading was incorrect. *Fowler v. Elegant Auto Fin. LLC*, 446 F. Supp. 3d 966, 969 (M.D. Fla. 2020) ("'If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.' 'A transferor may not close his eyes to the truth.' So a transferor who lacks actual knowledge can still be liable under the Act if the buyer demonstrates 'constructive knowledge, recklessness or gross negligence' by the transferor.") (citing *Nieto v. Pence*, 578 F.2d 640, 641 (5th Cir. 1978))

(internal citations omitted). Intent to defraud is demonstrated by the fact that Impact Auto did not show Ms. Desamours the Transfer Title either before or after she purchased the Vehicle.

Accordingly, Plaintiff's Motion should be granted as to Count I for violation of the Odometer Act.

Liability Under FDUTPA

Ms. Desamours' claims for violation of the FDUTPA under Count II should also be granted. "As a consumer protection law, FDUTPA seeks to 'protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce.'" *Bertolotti v. A&l Int'l Motor Corp.*, No. 16-22185-CIV, 2016 WL 6804624, at *3 (S.D. Fla. Nov. 17, 2016). To assert a viable claim under the FDUTPA, a plaintiff must allege "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Id*. (quoting *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013)).

Again, taking Plaintiff's well-pleaded allegations as being admitted by Defendant, Plaintiff appears to have properly alleged a claim under FDUPTA. "An objective test is used to determine whether an act is deceptive under FDUTPA, and 'the plaintiff must show that 'the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances.'" *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021). Moreover, "[t]he term 'unfair or deceptive acts' is not clearly defined, but may require conduct that offends established public policy, and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000). The complaint sufficiently alleges that Impact Auto engaged in deceptive acts or unfair trade practices by *inter alia* (1) failing to comply with the Odometer Act; (2) failing to disclose that the Vehicle was rebuilt

6

and was a flood vehicle, in violation of Fla. Stat. 319.14; (3) concealing and misrepresenting the general condition of the Vehicle (including by not stating that it had been declared a total loss due to flood damage, that it was a salvaged vehicle, and that it had at least 3 previous owners, and by stating that it had no mechanical defects) in violation of Fla. Stat. 501.976 (3), 501.976 (4), and 501.976 (5)[3]; and (4) misleadingly ensuring the Vehicle's fitness for a particular purpose but failing to honor that warranty in violation of Fla. Stat. 501.976 (7)[4].

Further, Ms. Desamours has sufficiently pleaded that Impact Auto's deceptive acts and unfair trade practices caused her injury. *BluestarExpo, Inc. v. Enis*, No. 21-20875-CIV, 2021 WL 4949249, at *8 (S.D. Fla. Oct. 25, 2021) ("To satisfy the causation element, a plaintiff must 'prove that an objectively reasonable person would have been deceived' by the deception or unfair act."). Clearly, Defendant's practices and acts would likely deceive an objectively reasonable consumer in the same circumstances.

Finally, Plaintiff has sufficiently established proof of actual damages. The measure of actual damages in a FDUPTA claim is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1280 (S.D. Fla. 2021). The Affidavit Ms. Desamours submitted showed she incurred a loss totaling to 40% of the fair market value of a comparable vehicle with no derogatory history. *See* Raskin Affidavit [ECF No. 48-2] ("The subject vehicle is a 2017 Hyundai Sonata 4D Sedan which has been branded as 'Rebuilt' with a declared inaccurate odometer reading. It would be considered to be industry standard to apply a negative adjust to this vehicle's value by a total of 40% (Forty-Percent) from the fair market value of a comparable

---

[3] These actions constitute a *per se* violation of the FDUPTA. *See* Fla. Stat. 501.976.
[4] This action also constitutes a *per se* violation of the FDUTPA. *See* Fla. Stat. 501.976.

vehicle with no deragotary [sic] history."). As the Vehicle's original sale price was $12,410.48, Ms. Desamours is entitled to recover $4,964.19 in actual damages.

Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). It is unnecessary to hold a hearing when entering a final default judgment, "if the damages are liquidated or ascertainable from documentary evidence or affidavits." *Shandong Airlines Co., Ltd. v. Capt, LLC,* 650 F.Supp.2d 1202, 1207 (M.D. Fla.2009) (citing *Directv, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343–44 (M.D. Fla. 2003)).

Here, the Raskin Affidavit showed that Ms. Desamours suffered $4,964.19 in actual damages as a result of Defendant's violation of the FDUPTA. [ECF No. 48-2]. The facts alleged also establish that Defendant violated the Odometer Act with intent to defraud, which entitles Plaintiff to a statutory award of $10,000.00. *See* 49 U.S.C.A. § 32710(a). Accordingly, based on the record, the Court finds no need to have a hearing under Fed. R. Civ. P. Rule 55(b)(2), and the Undersigned recommends that Plaintiff be awarded a total sum of $14,964.19.

Attorney's Fees

Finally, Plaintiff requests that the Court award attorney's fees and costs pursuant to the FDUPTA and the Odometer Act "in an amount to be determined upon subsequent application by Plaintiff." The Undersigned recommends that Plaintiff be authorized to file a separate motion to recover such fees and costs.

## IV. Recommendations

Based on the foregoing, the Court **RECOMMENDS** that the Motion [ECF No. 48] be **GRANTED**, and that a final default judgment be entered in favor of Plaintiff as to Counts I and II against Impact Auto in the amount of $14,964.19. It is further recommended that Plaintiff be authorized to file a separate motion to recover attorney's fees and costs.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 29th day of June, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:  **U.S. District Judge Roy K. Altman**
     **All Counsel of Record via CM/ECF**